# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Randy S. Mullinax, | ) |
|       Plaintiff, | ) |
| | ) C.A. No.: 2:09-CV-00001-PMD |
|   v. | ) |
| | ) |
| Michael J. Astrue, Commissioner, | ) **ORDER** |
| Social Security Administration, | ) |
| | ) |
|       Defendant. | ) |

This matter is before the court upon Plaintiff's Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). Plaintiff also requests that he be given 30 days after service of the notice of an award of past due benefits to file a petition for fees under 42 U.S.C. § 406(b). Defendant does not object to Plaintiff's request concerning the filing for attorney's fees under 42 U.S.C. § 406(b) if benefits are subsequently awarded, but objects to Plaintiff's motion for EAJA fees.

## BACKGROUND

Plaintiff brought this action to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for disability benefits. On July 7, 2009, this Court issued an Order reversing the Commissioner's decision and remanding the case for further proceedings. On September 24, 2009, Plaintiff filed a Motion for Attorney's Fees under the EAJA seeking $4,650.74 in fees for 26.90 hours of work at the rate of $172.89 per hour. This amount represents work performed by three attorneys: (1) Paul McChesney, an attorney licensed in the State of South Carolina, performed 4.75 hours of work for a total of $821.22; (2) Charles L. Martin, an attorney licensed in Georgia but not South Carolina, performed 4.85 hours of work

for a total of $838.52 and (3) Perrie H. Naides, an attorney who works for Mr. Martin and is licensed in Pennsylvania but not South Carolina, performed 17.30 hours of work for a total of $2,991.00.

On October 1, 2009, Defendant filed a Response to Plaintiff's Motion. Defendant does not object to Plaintiff's request that he be permitted to file a petition for fees under the Social Security Act within 30 days of being served with a notice of award of past due benefits. However, Defendant objects to Plaintiff's request for an award of attorney's fees under the EAJA.

## **ANALYSIS**

Defendant objects to Plaintiff's request for attorney's fees for Mr. Martin and Ms. Naides. Defendant contends that Plaintiff should not be compensated for the time spent by Mr. Martin, and his associate Ms. Naides, because neither attorney is licensed to practice law in this state, neither attorney filed an application for *pro hac vice* admission, and both attorneys have been repeatedly cautioned by courts in this District to apply for *pro hac vice* admission before petitioning courts in this District for fees.

The EAJA provides a mechanism for a plaintiff to recover her attorney's fees when the plaintiff prevails in a lawsuit against the United States Government. 28 U.S.C. § 2412(d)(1)(A). The statute specifically provides that the court shall award these costs "*unless* the court finds that the position of the United States was substantially justified or that *special circumstances make an award unjust.*" *Id.* (emphasis added). In this case, the Court finds that it would be unjust to award fees based on the work of Mr. Martin and Ms. Naides.

In at least four cases since May 2008, courts in this District have cautioned Mr. Martin against continuing to represent clients in the District of South Carolina without applying for *pro*

*hac vice* admission in this District. *See Tadlock v. Comm'r of Soc. Sec.,* No. 8:06-3610-RBG (D.S.C. April 9, 2009); *Thompson v. Comm'r of Soc. Sec.,* No. 0:07:1424-RBH (D.S.C. May 12, 2009) (stating that "in future cases before this Court, the plaintiff's South Carolina counsel should petition the Court for admission *pro hac vice* for any out-of-state counsel for whom he intends to petition for attorney's fees."); *Freeman v. Astrue*, No. 0:06-02255-TLW-BM (D.S.C. July 24, 2008) (stating that the Court "may consider reducing the rate of out of state counsel" if Mr. Martin did not file *pro hac vice* motions in the future); *Pace v. Astrue*, No. 9:07-00546-SB (D.S.C. May 9, 2008) (wherein the Honorable Sol Blatt "strongly recommend[ed] that counsel who are engaged in the preparation of briefs on behalf of a client and who hold themselves out as representing that client apply for *pro hac vice* admission.").

Most recently, in *Mortensen v. Barnhart.*, No. 8:07-547-JFA (D.S.C. July 29, 2009)[1] and in *Priestley v. Astrue*, No. 6:08-546-GRA (D.S.C. Nov. 24, 2009), the Honorable Joseph F. Anderson and the Honorable G. Ross Anderson, Jr., respectively, denied attorney's fees for Mr. Martin and Ms. Naides. In *Mortensen,* Judge Anderson noted that Mr. Martin has filed briefs for plaintiffs in at least fifty-eight cases in this district since 2004 without filing a formal appearance and that all cases involved Mr. McChesney as counsel of record. According to Judge Anderson in *Mortensen* and as recounted by Judge G. Ross Anderson in *Priestley*:

> Forty-five of these cases have come in the last five years. In all of these cases, attorney Martin either signed court documents as "attorney for plaintiff," filed affidavits in support of requests for attorney's fees attesting that he was "counsel for the plaintiff in the above-entitled action" and the he "represented" the plaintiff before the district court, or both.

*Mortensen* at 3. Judge Anderson found Mr. Martin was using a "hybrid form of representation" and avoiding the liability of licensure while reaping the benefits of representing clients. *Id.* at 5.

---

[1] On July 29, 2009, the court entered one Order on Motion for Attorney's Fees in three cases: *Mortenson v. Barnhart*, No. 8:07-547-JFA, *Davis v. Soc. Sec. Admin.*, No. 2:07-1621-JFA, and *Peter v. Astrue*, No. 3:07-3785-JFA.

"If attorney Martin's practice involves representing clients in this court, he ought to be licensed to do so." *Id.*

In *Priestley,* Judge G. Ross Anderson incorporated the analysis of *Mortensen* and also denied Mr. Martin and Ms. Naides attorney's fees. Additionally, Judge G. Ross Anderson noted that Plaintiff's argument that Mr. Martin and Ms. Naides merely provided brief writing services for the Plaintiff and, therefore, did not require *pro hac vice* admission is without merit.

> [Mr. Martin and Ms. Naides] now explain that they merely provide brief writing services for Petitioner. This appears to be a distinction without much of a difference. Of the 38.80 attorney hours logged in this case by Plaintiff's counsel, eighty-five percent of that time was logged by Mr. Martin or Ms. Naides. Moreover, Mr. Martin and in some instances Ms. Naides, still signed the briefs and affidavits in this case as attorneys for plaintiff. But by not applying for *pro hac vice* admission these attorneys were never licensed to represent any plaintiff before this Court.
>
> It is also important to examine the context in which this case arises. Mr. Martin and his associates do a significant amount of legal work in this state. In Social Security disability cases, especially as they proceed through the district courts, the gravamen of the case is litigated by way of briefings. In many of the cases in which Mr. Martin's firm provides "assistance," it is actually providing the vast majority of the effort. Yet by hiding behind the label "contract attorneys" Mr. Martin and his associates avoid much of the liability.

*Priestley* at 10-11. Therefore, Judge G. Ross Anderson found that given Mr. Martin's and Ms. Naides's extensive practice in this District in conjunction with the repeated warnings by several federal judges in this District given to Mr. Martin's firm about practicing in this State without obtaining *pro hac vice* admission, awarding attorney's fees for Mr. Martin and Ms. Naides would be unjust in this special circumstance. *Id.* at 11-12.

In this case, like in *Mortensen* and *Priestley,* of the 26.90 attorney hours logged in this case by Plaintiff's counsel, 82% of that time was logged by Mr. Martin or Ms. Naides. Additionally, Mr. Martin and Ms. Naides still signed the briefs and affidavits in this case as attorneys for plaintiff. Lastly, Mr. Martin and Ms. Naides have been repeatedly cautioned by

4

courts in this District to apply for *pro hac vice* admission before petitioning courts in this District for fees. Therefore, the Court agrees with the analysis of *Mortensen* and *Priestley* and incorporates that analysis into this Order, and the Court finds that the award of attorney's fees for Mr. Martin and Ms. Naides is unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's attorney, Paul Townsend McChesney, be awarded eight hundred and twenty-one dollars and twenty-two cents ($821.22) in attorney's fees and costs pursuant to 28 U.S.C. § 2412. Plaintiff is also given 30 days after service of the notice of an award of past due benefits to file a petition for fees under 42 U.S.C. § 406(b).

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**June 14, 2010**
**Charleston, SC**